UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON ROBERT JONES,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:19-CV-066-JD-MGG

OPINION AND ORDER

Jason Robert Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISF 18-06-0217) that was held on June 22, 2018, where the Disciplinary Hearing Body (DHB) found him guilty of Conspiracy to Commit Trafficking in violation of A-111 and A-113. As a result, he was sanctioned with the loss of 180 days earned credit time and a demotion in credit class.

After Jones filed his petition, the sanctions of lost earned credit time and a demotion in credit class were vacated. (ECF 10-1 at 1.) The Warden has filed a motion to dismiss because this case is now moot. (ECF 10.) Jones filed a response (ECF 13-1) objecting to the motion. Jones indicates that, in addition to the 180 days and the demotion in credit class, he lost four months of previously restored good time credit because of the conduct report at issue here and the conduct report at issue in another pending case (3:19-CV-67-RLM-MGG). The policy that Jones relies upon, however, mandates that restored good time be rescinded if there is any finding of guilt on a Class A or B violation. *See* Indiana Department of Correction Manual of Policies and

Procedures, The Disciplinary Code for Adult Offenders, Policy No. 02-04-101 at 46-48 ("[A]ny subsequent guilty finding on violations of a Class A or B conduct code shall cause all previously-approved petitions for restoration during the current commitment period … to be rescineded[.]"). The finding of guilt at issue in 3:19-CV-67-RLM-MGG has not been vacated, and it alone provides a sufficient basis for rescinding Jones' restoration of good time credit.

The court cannot overturn the results of the June 22, 2018, disciplinary proceeding and restore Jones' time because the Indiana Department of Correction has already vacated the proceeding and restored his time. That is to say, Jones has already won and there is no case left for this court to decide. Accordingly, this case must be dismissed. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

Jones also indicates that a re-hearing has now been held, and that he has again been found guilty and lost good time. If Jones is dissatisfied with the results of the new hearing, he is free to file a new habeas petition after exhausting his administrative remedies.

For these reasons, the motion (ECF 10) is GRANTED, Jason Jones' motion for summary judgment (ECF 12) is DENIED, and the case is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED on August 16, 2019

                                         /s/ JON E. DEGUILIO
                                      JUDGE
                                      UNITED STATES DISTRICT COURT